FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 3 1999

JAMES W. McCORMACK, CLERK

By: _____
DEP.CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS

CITY OF MARION, RICHARD WILLIFORD
PAUL COLEMAN JR., by J.P. Cockrill under his
Power of Attorney; JULIA C. COCKRILL, by J.P. Cockril
under his Power of Attorney; and HAZEL C. DICKEY,
by J.P. Cockrill under his Power of Attorney

**PLAINTIFFS**

VS.                    J-C-99-469    This case assigned to District Judge _REASONER_
                                     and to Magistrate Judge _JONES_

CITY OF SUNSET, and DR. JOHN GRIFFEE,
HOOVER WILLIAMS, and SCOTT FERGUSON

**DEFENDANTS**

## PETITION FOR REMOVAL
### NOTICE OF REMOVAL

Comes the defendant, the City of Sunset, by and through its attorney, WILSON &

VALLEY, Attorneys at Law and for his Notice of Removal, and states:

1.     That on an about November 19, 1999, the plaintiffs filed their Complaint in

the Circuit Court of Crittenden County, Case No. CIV. 97-419.  The plaintiff

in the cause is the City of Marion as a Municipal Entity; Richard Williford,

Individually; Paul Coleman, Jr., by J. P. Cockrill, under his power of

attorney; Julius C. Cockrill, by J. P. Cockrill under his power of attorney;

Hazel C. Dickey, by J. P. Cockrill, under his power of attorney.  The

plaintiffs are being represented in the cause of action by the Honorable

James C. Hale, III, City Attorney for the Municipal Corporation of Marion,

Arkansas.

2.     The defendants are filing an Answer/Alternative Motion to Dismiss,

contemporaneous with this motion.   Further, the defendants are



simultaneously filing an additional Notice of Removal with the Circuit Court of Crittenden County, Arkansas, pursuant to 23 U.S.C. § 1446.

3.      The original Complaint, filed by the plaintiffs, alleges violations of the Civil Rights of the defendants and specific violation to the 14th and 15th Amendments of the United States Constitution, see specifically U. S. Constitution 14 section One (1) and U.S. Constitution 15 section one (1).

4.      That the defendants are entitled to a separate and independent claim for cause of action within the jurisdiction of the Federal Court as provided by 42 U.S.C. § 1331, independent of the Federal question raised by the violation of the 14th and 15th Amendment.

5.      That the City of Sunset is a 98% African-American municipality and the proposed Mandamus pleading of the plaintiff would prevent African-Americans from exercising their right to vote.

6.      That plaintiff, the City of Marion has engaged in illegal racial gerrymandering in its election policies which invokes a claim on the face of their Complaint for violation of the Federal Voting Rights Act as amended, the 1964 Civil Rights Act as amended, and the 14th and 15th Amendments to the Constitution.

7.      That the absence of specific citation to the Federal Voting Rights Act and the Federal Civil Rights Act or the 14th and 15th Amendments on the face of the plaintiff's pleading does not obviate the Federal question.

8.      That this court must look to the totality of the pleading to determine whether

a Federal question is posed.

9.  That 28 U.S.C. § 1441 (a)(b) and (c), provides the authority for removing this action to the Federal District Court.   An original Federal question of jurisdiction is vested in the Federal District Court under 29 U.S.C. § 1331 regarding cases arising under Constitutional Laws of the United States Constitution regardless of the amount in controversy.

10.  For this cause of action, this court has both original and removal jurisdiction under the United States Constitution.

11.  The plaintiff's Complaint clearly states a claim that arises and involves the authority and protection of the Unites States Constitution on the specific issue in controversy.

12.  The original jurisdiction of the Federal question is vested pursuant to U.S.C. § 1331 and removal is proper under the Federal Removal Statute.

13.  That the venue is proper in this court, true and correct copy  of pleading, served upon the defendant is attached hereto (Exhibit A) and incorporated by referenced, there constituting all process, pleadings and orders along with notice of hearing, these constitute all pleadings, process and orders which have been served on the defendants. An answer filed on behalf of the defendants also attached (Exhibit B) for the convenience of the court. Pursuant to 28 U.S.C. § 1446 et. seq., the defendant hereby gives notice of the removal of this action from the Circuit Court of Crittenden County, to the United States District Court of the Eastern District of Arkansas, Eastern

Division.

WHEREFORE, the defendants, pray that this action be removed from the Circuit Court of Crittenden County, to United States District of the Eastern District of Arkansas, Eastern Division in accordance with 28 U.S.C. § 1331, 1441 et. seq., and 1446 et. seq. and for all other proper relief.

Respectfully Submitted,

WILSON & VALLEY, Attorneys at Law
423 Rightor Street
Helena, AR 72342
(870)338-6487 (870) 338-8030 Fax

By: _____
Andre' K. Valley                    96225

CERTIFICATE OF SERVICE

I do certify that a copy of the foregoing pleading has been forwarded to the attorney listed below, via U.S. Mail proper postage affixed on this 10th day of December, 1999.

James C. Hale, III
Attorney for Plaintiff
66 Mound City Road
Marion, AR 72364

Honorable Ralph E. Wilson, Jr.
Judge
P.O. Box 506
Osceola, AR 72370-0506

_____
Andre' K. Valley

Dec-13-99 09:09A WILSON & VALLEY, Attys      870 338 8030      P.04

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CITY OF MARION,                                          **PLAINTIFFS**
RICHARD WILLIFORD
PAUL COLEMAN JR., by J.P. Cockrill under his Power of Attorney
JULIA C. COCKRILL, by J.P. Cockrill under his Power of Attorney
and HAZEL C. DICKEY, by J.P. Cockrill under his Power of Attorney

VS.                         NO. CIV-97-419



CITY OF SUNSET, and                                     **DEFENDANTS**
DR. JOHN GRIFFEE,
HOOVER WILLIAMS,
and SCOTT FERGUSON

**COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS AND
DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE
INJUNCTIVE RELIEF**

Comes the plaintiffs, the City of Marion, Richard Williford, Paul Coleman, Jr., by J.P.

Cockrill under his Power of Attorney, Julia C. Cockrill, by J.P. Cockrill under his Power of

Attorney, and Hazel C. Dickey, by J.P. Cockrill under his Power of Attorney, by and through

their attorney, James C. Hale, III, and for their Complaint for Issuance of Writ of Mandamus and

Declaratory Judgment, or in the Alternative, Injunctive Relief, against the Defendants, states as

follows:

**COUNT I**

1.    That the Plaintiff, City of Marion, is a municipal corporation duly organized and

existing under the laws of the State of Arkansas.

2.    That the separate Plaintiffs, Richard Williford, Paul Coleman, Jr., by J.P. Cockrill

under his Power of Attorney, Julia C. Cockrill, by J.P. Cockrill under his Power of Attorney, and

Hazel C. Dickey, by J.P. Cockrill under his Power of Attorney, (hereinafter referred to as

landowners,) are all landowners of real property within the area to be voted on in the City of

Sunset's proposed December 20, 1999 special annexation election.

3.    That on April 21, 1997, the landowners filed their Petition for voluntary annexation of their land into the City of Marion. (See exhibit "A" attached hereto)

4.    That on May 27, 1997, the Crittenden County Court granted the landowners Petition and entered its Order annexing the 722.72 acres into the City of Marion.  (See exhibit "B" attached hereto)

5.    That under the procedure set forth in A.C.A. 14-40-601, et seq., the voluntary annexation of the 722.72 acres was completed, pursuant to A.C.A. 14-40-603, upon entry of the annexation order by the county court. The only method for a challenge to such annexation is for an "interested person" to challenge such annexation on the grounds set forth in A.C.A. 14-40-604.

6.    That on May 27, 1997, the City of Marion passed Resolution No. 126 accepting the 722.72 acres into the City of Marion, Arkansas as required by A.C.A. 14-40-603 and A.C.A. 14-40-606. (See exhibit "C" attached hereto)

7.    That on June 27, 1999 in Case No. CIV-97-463, the City of Sunset filed an Appeal from Decision of County Judge allowing annexation of certain properties and Complaint to stop the petitioner landowners from annexing their property into the City of Marion.

8.    That on October 2, 1997 the City of Sunset's challenge to the City of Marion's annexation order was dismissed with prejudice by the Honorable David Burnett. (See exhibit "D" attached hereto)

9.    That on October 23, 1997, CO-97-107, Resolution #126, CO-97-52 and the plat of the annexed area were forwarded by the Crittenden County Clerk and filed with the Secretary of State office and filed pursuant to A.C.A. 14-40-605. (See exhibit "E" attached hereto)

Commissioners are the persons responsible, pursuant to A.C.A. 7-4-107, for the conduction of

the special election concerning the Sunset annexation.

      15.    That A.C.A. 7-5-208 specifically provides that the defendant Board of Election

Commissioners are responsible for preparation of the ballot for the special election.

      16.    That on May 27, 1997, the Crittenden County Court entered its Order Granting

Annexation concerning the voluntary annexation of the 722.72 acres into the City of Marion. A

copy of such order is attached hereto, labeled Attachment "B" and incorporated by reference

herein as though set forth word for word. Pursuant to the terms of such Order and A.C.A. 14-40-

603, such voluntary annexation was effective upon the entry of the Order Granting Annexation

by the Crittenden County Court.

17. That a large portion of the 722.72 acres which were annexed into the City of

Marion on May 27, 1997, at the request of a majority of the landowners of such real property, are

included in the 1,426 acre tract of land that is the subject of the proposed involuntary annexation

election scheduled to be held by the City of Sunset on December 20, 1999.

18. That the involuntary annexation statutory procedure providing the legal authority

for the election called for by Sunset is set forth in A.C.A. 14-40-301, et seq. A.C.A. 14-40-301

specifically states that:

> "the provision of this subchapter shall not be construed to
> give any municipality the authority to annex any portion of
> another city or incorporated town."

19. That as a matter of law, the Defendant, City of Sunset, has no legal right or

authority of any nature or kind to conduct an election concerning the annexation of real property

that has already been annexed to the Plaintiff, City of Marion. Accordingly the City of Marion is

entitled to declaratory judgment that the city of Sunset has no authority pursuant to A.C.A. 14-

40-301, et seq., to hold an election concerning any portion of the 722.72 acres previously

voluntarily annexed into the City of Marion.

20. That the City of Marion and the landowners have the authority, pursuant to its

statutory privileges and rights set forth in A.C.A. 14-40-603 and A.C.A. 14-40-301, to request

that a Writ of Mandamus be issued to the defendants in this action concerning the form of the

ballots prepared by the Defendants pursuant to A.C.A. 7-5-208(g). Such writ should compel the

defendants to perform the purely ministerial duty of removing the legal description of any of the

722.72 acres previously voluntarily annexed to the City of Marion from the legal description of

the acreage to be considered at the proposed election to be held in Sunset on December 20, 1999.

Dec-13-99 09:10A WILSON & VALLEY, Attys      870 338 8030          P.07

21.    That in the alternative to issuing a Writ of Mandamus the Court should issue

preliminary and permanent injunctive relief against the Defendant City of Sunset and the

defendants who are the members of the Crittenden County Board of Election Commissioners.

Such injunction relief should enjoin the defendants from conducting this special election,

presently set for December 20, 1999, concerning the annexation to City of Sunset of the 1,426

acre tract, until such time as the City of Sunset complies with the statutory procedures set forth in

A.C.A. 14-40-303, et. seq and eliminate from its legal description all the property that was

previously annexed into the City of Marion.

22.    That there is no adequate remedy at law in that once the election is conducted and

if the majority of the electors vote for such annexation, the plaintiffs property will be clouded

pending an appeal of the election.

23.    That in the alternative, the City of Marion and the landowners state that it is

entitled to injunctive relief in that the City of Marion will suffer irreparable harm if the proposed

December 20, 1999 election is held concerning the 722.72 acres that have been annexed into the

City of Marion.  Such irreparable harm will include, but is not limited to, the following:

(a)    Because of the cloud the special election will place on the portion of the  722.72
acres included in the city of Sunset's special election description, the City of
Marion's elections for city officials, any bond issue elections, and potentially any
school board elections will be subject to be challenged in the courts.

(b)    Because of the cloud the special election will place on the portion of the 722.72
acres included in the city of Sunset's special election description, any redistricting
of city wards or precincts will be subject to be challenged in the courts.

(c)    Because of the cloud the special election will place on the portion of the 722.72
acres included in the city of Sunset's special election description, any issues
concerning the planning, development, provision of services, and allocation of
city financial resources to such real property will be subject to be challenged in
the courts.

(d)     Because of the cloud the special election will place on the portion of the 722.72 acres included in the city of Sunset's special election description, the City of Marion will suffer adverse consequences concerning the allocation of sales tax monies and property taxes.

(e)     Because of the cloud the special election will place on the portion of the 722.72 acres included in the city of Sunset's special election description, the City of Marion will suffer adverse consequences concerning the allocation of state "turnback" monies.

(f)     The landowners cannot be certain which municipality will provide services, determine zoning on their property or who to pay sales tax to.

24.     That the City of Marion is not attempting to seek injunctive relief concerning the portion of the 1,426 acre tract that is not included in the 722.72 acres that have been previously annexed into the City of Marion.

25.     That the City of Sunset will suffer no harm if either the mandamus or injunction is granted as the City of Sunset can pass an ordinance and hold an election concerning the annexation of that portion of the 1,426 acre tract that does not include the 722.72 acres previously voluntarily annexed into the City of Marion.

WHEREFORE, the Petitioners prays that the Court:

(a)     Issue a declaratory judgment that the City of Sunset has no legal authority pursuant to A.C.A. 14-40-603 and A.C.A. 14-40-301 to attempt to annex any portion of the 722.72 acres that have previously been annexed into the City of Marion;

(b)     Issue a declaratory judgment that the 722.72 acres were annexed to the City of Marion and are a part of the City of Marion city limits;

(c)     Issue a Writ of Mandamus against the Defendants herein compelling the Defendants to perform the purely ministerial duty of removing from the legal description the portion of the 722.72 acres of land previously annexed into the City of Marion from the legal

description of the land to be described on the ballot for the special election currently scheduled for December 20, 1999;

    (d)    In the alternative, issue both a preliminary injunction enjoining the Defendants from conducting the scheduled special election on December 20, 1999, to the extent that such election involves any portion of the 722.72 acres that have been previously annexed into the City of Marion and a permanent injunction against the City of Sunset from calling any election attempting to annex to Sunset any portion of the 722.72 acres that have previously been annexed into the City of Marion;

    (e)    For their costs and attorneys fees expended herein;

    (f)    For any and all other legal and property relief to which they are entitled.

Respectfully Submitted,

James C. Hale, III
Attorney for Petitioners
66 Mound City Road
Marion, AR 72364
(870) 739-1888

## IN THE COUNTY COURT OF CRITTENDEN COUNTY, ARKANSAS

IN THE MATTER OF ANNEXATION OF:
A 722.72 ACRE TRACT OF LAND LYING IN
SECTIONS 10, 11, 14 and LOTS 7 8,9, and 10 OF
SPANISH GRANT NO. 2323; and FRACTIONAL
SPANISH GRANT NOS. 2323 AND 2325, T-7-N,
R-8-E, CRITTENDEN COUNTY, ARKANSAS,
AND BEING MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

Beginning at the Southwest corner of said Section
14; said point lying along the existing city limits of
the City of Marion; thence North along the West line
of said Section 14 a distance of 5280 feet, more or
less to the Northwest corner of said Section 14;
thence West along the South line of said Section 10
a distance of 2640 feet, more or less to the South
1/4 corner of said Section 10; thence North a
distance of 5280.00 feet, more or less to a point
being the North 1/4 corner of said Section 10;
thence East along the North line of Section 10 to a
point being the Northeast corner of said Section 10;
thence South along the West line of said Section 11
to a point on the East R/W of I-55; thence
Southeastwardly along the east R/W of I-55 to a
point on the West line of said Lot 10 of said Spanish
Grant No. 2323; thence North along the West line of
said Lot 10 of said Spanish Grant No. 2323 a
distance of 1423.43 feet to the Northwest corner of
said Lot 10 of said Spanish Grant No. 2323; thence
East along the North line of said Lot 10 of said
Spanish Grant No. 2323 to the point of intersection
of the North line of said Lot 10 of said Spanish
Grant No. 2323 and the extended West line of Lot 5
of said Spanish Grant No. 2323; thence
Southeastwardly along the West line of Lots 5 and 6
of said Spanish Grant No. 2323 to the Northwest
corner of Lot 7 of Spanish Grant No. 2323; thence
Northeastwardly along the North line of said Lot 7 a
distance of 150.00 feet to the Northeast corner of
said Lot 7; said point lying on the West R/W of
State Highway 77; thence Southeastwardly along
the West R/W of State Highway 77 to the Southeast
corner of said Lot 10; thence West along the South
line of said Lot 10 of Spanish Grant No. 2323 to a
point on the East R/W of I-55; thence

Co. 97-52

## FILED

AT_____O'CLOCK_____M

APR 7 1 1997

RUTH TRENT, CLERK

BY_____

Exhibit "A"

Southeastwardly along the East right-of-way of
Interstate 55 to a point lying on the South line of
said Section 14; said point lying along the existing
City of Marion city limits; thence West along the
North line of said Section 14 to the point of
beginning, containing 722.72 acres, more or less,
CRITTENDEN COUNTY, ARKANSAS, to the
CITY OF MARION, ARKANSAS

PAUL COLEMAN, JR., By: J.P. Cockrill under his Power of Attorney          **PETITIONERS**
JULIA C. COCKRILL, By: J.P. Cockrill under his Power of Attorney
HAZEL C. DICKEY, By: J.P. Cockrill under his Power of Attorney
ADOLPH PIRANI
MAXINE PIRANI
T. M. MONTGOMERY
ELSA A. LOGAN
ALL STATES FARM EQUIPMENT, INC By: MERLIN NORTHCUTT
DEMAREE FARMS By: BILLIE J. RHOADS
RICHARD WILLIFORD
KEITH ALLENSWORTH
CHARLES ALLENSWORTH
FRANK WHEELER

### PETITION TO ANNEX PROPERTY

Come Paul Coleman, Jr., by J.P. Cockrill under his Power of Attorney, Julia C. Cockrill,

by J.P. Cockrill under his Power of Attorney and Hazel C. Dickey, by J.P. Cockrill under his

Power of Attorney, Adolph Pirani, Maxine Pirani, T.M. Montgomery, Elsa A. Logan, All States

Farm Equipment, Inc., by Merlin Northcutt, Demaree Farms, by Billie J. Rhoads, Richard

Williford, Keith Allensworth, Charles Allensworth, and Frank Wheeler, and respectfully petition

the County Court of Crittenden County, Arkansas, to annex the following described territory to

the City of Marion, Crittenden County, Arkansas, to wit:

A 722.72 ACRE TRACT OF LAND LYING IN SECTIONS 10, 11, 14 and LOTS
7, 8, 9, and 10 OF SPANISH GRANT NO. 2323, and FRACTIONAL SPANISH
GRANT NOS. 2323 AND 2325, T-7-N, R-8-E, CRITTENDEN COUNTY,
ARKANSAS, AND BEING MORE PARTICULARLY DESCRIBED AS
FOLLOWS:
Beginning at the Southwest corner of said Section 14; said point lying along the
existing city limits of the City of Marion; thence North along the West line of said
Section 14 a distance of 5280 feet, more or less to the Northwest corner of said
Section 14; thence West along the South line of said Section 10 a distance of 2640
feet, more or less to the South 1/4 corner of said Section 10; thence North a
distance of 5280.00 feet, more or less to a point being the North 1/4 corner of said
Section 10; thence East along the North line of Section 10 to a point being the
Northeast corner of said Section 10; thence South along the West line of said

Section 14 to a point on the East R/W of I-55; thence Southeastwardly along the east R/W of I-55 to a point on the West line of said Lot 10 of said Spanish Grant No. 2323; thence North along the West line of said Lot 10 of said Spanish Grant No. 2323 a distance of 1425.43 feet to the Northwest corner of said Lot 10 of said Spanish Grant No. 2323; thence East along the North line of said Lot 10 of said Spanish Grant No. 2323 to the point of intersection of the North line of said Lot 10 of said Spanish Grant No. 2323 and the extended West line of Lot 5 of said Spanish Grant No. 2323; thence Southeastwardly along the West line of Lots 5 and 6 of said Spanish Grant No. 2323 to the Northwest corner of Lot 7 of Spanish Grant No. 2323; thence Northeastwardly along the North line of said Lot 7 a distance of 150.00 feet to the Northeast corner of said Lot 7; said point lying on the West R/W of State Highway 77; thence Southeastwardly along the West R/W of State Highway 77 to the Southeast corner of said Lot 10; thence West along the South line of said Lot 10 of Spanish Grant No. 2323 to a point on the East R/W of I-55; thence Southeastwardly along the East right-of-way of Interstate 55 to a point lying on the South line of said Section 14; said point lying along the existing City of Marion city limits; thence West along the North line of said Section 14 to the point of beginning, containing 722.72 acres, more or less,
CRITTENDEN COUNTY, ARKANSAS, to the CITY OF MARION, ARKANSAS

(1).     In support of this Petition, the petitioners would show and state to the Court that they constitute the owners of all the land included within the description set forth above and thus constitute the majority in number of owners of such lands proposed to be annexed to the City of Marion;

(2).     An accurate map or plat of such territory is attached hereto showing the extent and boundaries of the territory proposed to be annexed and the existing city limits of the City of Marion which are contiguous to the territory to be annexed;

(3).     Petitioners' agent herein is James C. Hale, III;

(4).     The said territory proposed to be annexed is adjacent and contiguous to the presently existing boundaries of the City of Marion;

(5).     Said property is necessary and desirable for the continuing and orderly growth of the City of Marion;

(6).     It is right and proper and for the best interest of the City of Marion and the inhabitants thereof and the petitioners herein that such territory be annexed to the City of Marion.

WHEREFORE, premises considered, your petitioners pray that the Court set a date for hearing upon this Petition which shall not be less than thirty (30) days from the filing hereof and that after such hearing, an Order be entered by the Court granting the Petition and annexing the hereinabove described territory to the City of Marion, Arkansas, and for all other and such further relief as may be proper herein.

PAUL COLEMAN, JR.
By: J.P. Cockrill under his Power of Attorney

JULIA C. COCKRILL
By: J.P. Cockrill under his Power of Attorney

HAZEL C. DICKEY
By: J.P. Cockrill under his Power of Attorney

ADOLPH PIRANI

MAXINE PIRANI

T M. MONTGOMERY

ELSA A. LOGAN

ALL STATES FARM EQUIPMENT, INC.
By: MERLIN NORTHCUTT

DEMAREE FARMS
By: BILLIE J. RHOADS

RICHARD WILLIFORD

KEITH ALLENSWORTH

CHARLES ALLENSWORTH

FRANK WHEELER

## VERIFICATION

STATE OF ARKANSAS        )

COUNTY OF CRITTENDEN     )  §

    PAUL COLEMAN, JR., by J.P. Cockrill under his Power of Attorney, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

_J.P. Cockrill_
PAUL COLEMAN, JR.
By:  J.P. Cockrill under his Power of Attorney

    SUBSCRIBED AND SWORN to before me this 25th day of February, 1997.

_Glenda P. Hicks_
NOTARY PUBLIC

07-18-01
My Commission expires:

## VERIFICATION

STATE OF Arkansas        )

COUNTY OF Crittenden     )  §

    JULIA C. COCKRILL, by J.P. Cockrill under his Power of Attorney, upon her respective oath, states that she is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as she verily believes.

_J.P. Cockrill_
JULIA C. COCKRILL
By:  J.P. Cockrill under his Power of Attorney

    SUBSCRIBED AND SWORN to before me this 25th day of February, 1997.

_Glenda P. Hicks_
NOTARY PUBLIC

07-18-01
My Commission expires:

## VERIFICATION

STATE OF Arkansas          }
                           }  §
COUNTY OF Crittenden       }

HAZEL C. DICKEY, by J.P. Cockrill under his Power of Attorney, upon her oath, states that she is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as she verily believes.

_J.P. Cockrill_
HAZEL C. DICKEY
By: J.P. Cockrill under his Power of Attorney

SUBSCRIBED AND SWORN to before me this 25ᵗʰ day of February 1997.

_Blenda P Nichols_
NOTARY PUBLIC

07-18-01
My Commission expires:


## VERIFICATION

STATE OF ARKANSAS          }
                           }  ss
COUNTY OF CRITTENDEN       }

ADOLPH PIRANI, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

_Adolph Pirani_
ADOLPH PIRANI

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of March, 1997.

_Blenda P. Nichols_
NOTARY PUBLIC

My Commission Expires:
07-18-01

## VERIFICATION

STATE OF ARKANSAS      }
                   } ss

COUNTY OF CRITTENDEN }

       MAXINE PIRANI, upon her respective oath, states that she is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as she verily believes.

                                    **MAXINE PIRANI**

       SUBSCRIBED AND SWORN to before me this 14th day of March, 1997.

                                    **NOTARY PUBLIC**

My Commission Expires:
07-18-01

## VERIFICATION

STATE OF ARKANSAS      }
                   } ss

COUNTY OF CRITTENDEN }

       T. M. MONTGOMERY, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

                                    **T. M. MONTGOMERY**

       SUBSCRIBED AND SWORN to before me this 26th day of March, 1997.

                                    **NOTARY PUBLIC**

My Commission Expires:
07-18-01

## VERIFICATION

STATE OF ~~ARKANSAS~~ *Georgia*  }
                *Fayette* } ss
COUNTY OF ~~CRITTENDEN~~ }

     ELSA A. LOGAN, upon her respective oath, states that she is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as she verily believes.

                           *Elsa A. Logan, Trustee*
                           ELSA A. LOGAN

SUBSCRIBED AND SWORN to before me this ___14th___ day of ~~January~~ *March*, 1997.

                           *Rebecca O'Brien*
                         NOTARY PUBLIC

My Commission Expires:

Notary Public, Fayette County, Georgia
My Commission Expires July 29 1997

## VERIFICATION

STATE OF ARKANSAS        }
                      } ss
COUNTY OF CRITTENDEN}

     ALL STATES FARM EQUIPMENT, INC. by MERLIN NORTHCUTT, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

                          *Merlin Northcutt*
                          ALL STATES FARM EQUIPMENT, INC.
                          By: MERLIN NORTHCUTT

SUBSCRIBED AND SWORN to before me this ___28th___ day of January, 1997.

                          NOTARY PUBLIC

My Commission Expires:
___07-18-01___

## VERIFICATION

STATE OF ARKANSAS    }
                       } ss

COUNTY OF CRITTENDEN}

      DEMAREE FARMS, By BILLIE J. RHOADS, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

                                      DEMAREE FARMS
                                      By: BILLIE J. RHOADS

SUBSCRIBED AND SWORN to before me this 20th day of ~~January~~ March, 1997.

                                NOTARY PUBLIC

My Commission Expires:
  07-18-01

## VERIFICATION

STATE OF ARKANSAS    }
                       } ss

COUNTY OF CRITTENDEN}

      RICHARD WILLIFORD, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

                                    RICHARD WILLIFORD

SUBSCRIBED AND SWORN to before me this 12th day of ~~January~~ MARCH, 1997.

                                NOTARY PUBLIC

My Commission Expires:
Nov 24 2004

Dec-13-99 09:14A WILSON & VALLEY, Attys     870 338 8030          P.19

## VERIFICATION

STATE OF ARKANSAS      }
                       } ss
COUNTY OF CRITTENDEN}

    KEITH ALLENSWORTH, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

*Keith D. Allensworth*
KEITH ALLENSWORTH

SUBSCRIBED AND SWORN to before me this ___12th___ day of ~~January~~ *March*, 1997.

*Teresa Kirk*
NOTARY PUBLIC

My Commission Expires:
*May 24, 2004*

## VERIFICATION

STATE OF ARKANSAS      }
                       } ss
COUNTY OF CRITTENDEN}

    CHARLES ALLENSWORTH, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

*Charles E. Allensworth*
CHARLES ALLENSWORTH

SUBSCRIBED AND SWORN to before me this ___12th___ day of ~~January~~ *March*, 1997.

*Teresa Kirk*
NOTARY PUBLIC

My Commission Expires:
*May 24, 2004*

---

JAN-2-1998 06:08P FROM:                    TO:18703388030        P:21/33

## VERIFICATION

STATE OF ARKANSAS      }
                       } ss
COUNTY OF CRITTENDEN}

    FRANK WHEELER, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes.

*Frank Wheeler*
FRANK WHEELER

SUBSCRIBED AND SWORN to before me this ___12th___ day of ~~January~~ *March*, 1997.

## IN THE COUNTY COURT OF CRITTENDEN COUNTY, ARKANSAS

IN THE MATTER OF ANNEXATION OF:
A 722.72 ACRE TRACT OF LAND LYING IN
SECTIONS 10, 11, 14 and LOTS 7 8,9, and 10 OF
SPANISH GRANT NO. 2323; and FRACTIONAL
SPANISH GRANT NOS. 2323 AND 2325, T-7-N,
R-8-E, CRITTENDEN COUNTY, ARKANSAS,
AND BEING MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

Beginning at the Southwest corner of said Section
14; said point lying along the existing city limits of
the City of Marion; thence North along the West line
of said Section 14 a distance of 5280 feet, more or
less to the Northwest corner of said Section 14;
thence West along the South line of said Section 10
a distance of 2640 feet, more or less to the South
1/4 corner of said Section 10; thence North a
distance of 5280 00 feet, more or less to a point
being the North 1/4 corner of said Section 10;
thence East along the North line of Section 10 to a
point being the Northeast corner of said Section 10;
thence South along the West line of said Section 11
to a point on the East R/W of I-55; thence
Southeastwardly along the east R/W of I-55 to a
point on the West line of said Lot 10 of said Spanish
Grant No. 2323; thence North along the West line of
said Lot 10 of said Spanish Grant No. 2323 a
distance of 1423.43 feet to the Northwest corner of
said Lot 10 of said Spanish Grant No. 2323; thence
East along the North line of said Lot 10 of said
Spanish Grant No. 2323 to the point of intersection
of the North line of said Lot 10 of said Spanish
Grant No. 2323 and the extended West line of Lot 5
of said Spanish Grant No. 2323; thence
Southeastwardly along the West line of Lots 5 and 6
of said Spanish Grant No. 2323 to the Northwest
corner of Lot 7 of Spanish Grant No. 2323; thence
Northeastwardly along the North line of said Lot 7 a
distance of 150.00 feet to the Northeast corner of
said Lot 7; said point lying on the West R/W of
State Highway 77; thence Southeastwardly along
the West R/W of State Highway 77 to the Southeast
corner of said Lot 10; thence West along the South
line of said Lot 10 of Spanish Grant No. 2323 to a

Co  97-52

FILED
O'CLOCK
RUTH FRONT CLERK

06

State of Arkansas
County of Crittenden
I hereby certify this to be a true copy as
appears of record in my office this

D.C.

Exhibit "B"

## VERIFICATION

STATE OF ARKANSAS        }
                         } ss
COUNTY OF CRITTENDEN}

     FRANK WHEELER, upon his respective oath, states that he is one of the petitioners herein and that the matters and things contained and set forth in the above and foregoing Petition to Annex Property are true and correct as he verily believes

_____
**FRANK WHEELER**

SUBSCRIBED AND SWORN to before me this __12th__ day of ~~January~~ March, 1997.

_____
**NOTARY PUBLIC**

My Commission Expires;
May 24, 2004

point on the East R/W of I-55; thence
Southeastwardly along the East right-of-way of
Interstate 55 to a point lying on the South line of
said Section 14; said point lying along the existing
City of Marion city limits; thence West along the
North line of said Section 14 to the point of
beginning, containing 722.72 acres, more or less,
CRITTENDEN COUNTY, ARKANSAS, to the
CITY OF MARION, ARKANSAS

PAUL COLEMAN, JR., By: J.P. Cockrill under his Power of Attorney          **PETITIONERS**
JULIA C. COCKRILL, By: J.P. Cockrill under his Power of Attorney
HAZEL C. DICKEY, By: J.P. Cockrill under his Power of Attorney
ADOLPH PIRANI
MAXINE PIRANI
T. M. MONTGOMERY
ELSA A. LOGAN
ALL STATES FARM EQUIPMENT, INC. By: MERLIN NORTHCUTT
DEMAREE FARMS By: BILLIE J RHOADS
RICHARD WILLIFORD
KEITH ALLENSWORTH
CHARLES ALLENSWORTH
FRANK WHEELER

## ORDER GRANTING ANNEXATION

Now on this 27th day of May, 1997, this matter came on for hearing. The petitioners

represented by and through their attorney, James C. Hale, III. The City of Sunset appeared by

and through its attorney, Marva Davis. The matter was submitted to the Court upon the

pleadings of the Petitioners, testimony of witnesses and the objection to the annexation by the

City of Sunset. From a review of the pleadings, the exhibits, testimony presented, argument of

counsel for the Petitioners and the City of Sunset and other matters and things appearing to the

Court, the Court doth find as follows:

I.      That the Court takes notice of the fact that the City of Sunset passed an ordinance

to annex certain real property that may be included in the property that is the subject matter of

this annexation petition.

Dec-13-99 09:18A WILSON & VALLEY, Attys        870 338 8030            P.04

2.    That the Court finds that there is no basis for delaying the property owners petition.

3.    That the hearing date is not less than thirty (30) days after the filing of the petition asking for such annexation; that between the time of the filing of the petition and the date of this hearing, the petitioner has caused notice to be published in the Evening Times, a newspaper published in Crittenden County, Arkansas, which has a general circulation in this county, once a week for three (3) consecutive weeks in compliance with A.C.A. 14-40-602.

4.    That the notice published in this annexation proceeding contains the substance of the petition and also the time and place fixed by this court for a hearing upon the petition in compliance with A.C.A. 14-40-602.

5.    That the court finds that a majority of real estate owners of the lands to be annexed consists of the following persons or entities:

PAUL COLEMAN, JR.
JULIA C. COCKRILL
HAZEL C. DICKEY
ADOLPH PIRANI
MAXINE PIRANI
T. M. MONTGOMERY
ELSA A. LOGAN
ALL STATES FARM EQUIPMENT, INC.
DEMAREE FARMS
RICHARD WILLIFORD
KEITH ALLENSWORTH
CHARLES ALLENSWORTH
FRANK WHEELER

The Court further finds that a majority of the real estate owners have joined in the petition and have sought the court's approval of the proposed annexation in compliance with A.C.A. 14-40-601.

6.      That the allegations of the petitions filed with the court are sustained by the proof, and in particular, the petitioners constitute a majority of the real estate owners of the lands to be annexed as described in the petition and in accordance with A.C.A. 16-40-601(a). That the area to be annexed is contiguous to the existing city limits of Marion, Arkansas. That the limits of the territory requested by the petitioners to be annexed to the City of Marion, Arkansas, are accurately described. An accurate map or plat of the territory requested by the petitioners to be annexed to the City of Marion, Arkansas, has been filed herein, and the prayer of the petitioners is right and proper and should be granted.

IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND ADJUDGED THAT the allegations in the Petitioners petition were sustained by the proof and that the requirements set forth in A.C.A. 14-40-601, 14-40-602 and 14-40-603 have been complied with; that the petition of Paul Coleman, Jr., by J.P. Cockrill under his Power of Attorney, Julia C. Cockrill, by J.P. Cockrill under his Power of Attorney, Hazel C. Dickey, by J.P. Cockrill under his Power of Attorney, Adolph Pirani, Maxine Pirani, T.M. Montgomery, Elza A. Logan, All States Farm Equipment, Inc., by Merlin Northcutt, Demaree Farms, by Billie J. Rhoads, Richard Williford, Keith Allensworth, Charles Allensworth, and Frank Wheeler, for annexation of the following described territory should be, and the same hereby is, granted, and that such territory should be, and the same hereby is, annexed to the City of Marion, Arkansas, as follows, to-wit:

A 722.72 ACRE TRACT OF LAND LYING IN SECTIONS 10, 11, 14 and LOTS 7 8,9, and 10 OF SPANISH GRANT NO. 2323, and FRACTIONAL SPANISH GRANT NOS. 2373 AND 2323, T-7-N, R-8-E, CRITTENDEN COUNTY, ARKANSAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
Beginning at the Southwest corner of said Section 14; said point lying along the existing city limits of the City of Marion; thence North along the West line of said Section 14 a distance of 5280 feet, more or less to the Northwest corner of said Section 14; thence West along the South line of said Section 10 a distance of 2640 feet, more or less to the South 1/4 corner of said Section 10; thence North a distance of 5280.00 feet, more or less to a point being the North 1/4 corner of said

Section 10; thence East along the North line of Section 10 to a point being the Northeast corner of said Section 10; thence South along the West line of said Section 11 to a point on the East R/W of I-55; thence Southeastwardly along the east R/W of I-55 to a point on the West line of said Lot 10 of said Spanish Grant No. 2323; thence North along the West line of said Lot 10 of said Spanish Grant No. 2323 a distance of 1423.43 feet to the Northwest corner of said Lot 10 of said Spanish Grant No. 2323; thence East along the North line of said Lot 10 of said Spanish Grant No. 2323 to the point of intersection of the North line of said Lot 10 of said Spanish Grant No. 2323 and the extended West line of Lot 5 of said Spanish Grant No. 2323; thence Southeastwardly along the West line of Lots 5 and 6 of said Spanish Gram No. 2323 to the Northwest corner of Lot 7 of Spanish Grant No. 2323; thence Northeastwardly along the North line of said Lot 7 a distance of 150.00 feet to the Northeast corner of said Lot 7, said point lying on the West R/W of State Highway 77; thence Southeastwardly along the West R/W of State Highway 77 to the Southeast corner of said Lot 10; thence West along the South line of said Lot 10 of Spanish Grant No. 2323 to a point on the East R/W of I-55; thence Southeastwardly along the East right-of-way of Interstate 55 to a point lying on the South line of said Section 14; said point lying along the existing City of Marion city limits; thence West along the North line of said Section 14 to the point of beginning, containing 722.72 acres, more or less, CRITTENDEN COUNTY, ARKANSAS, to the CITY OF MARION, ARKANSAS

IT IS FURTHER ORDERED THAT no further action be taken for a period of thirty (30) days as provided by law to allow the institution of proceedings to prevent such annexation if any interested party should desire to take such action under the provisions of the laws of this State and, accordingly, this cause is continued until the 30 day of June, 1997, for further appropriate action as provided by law.

DATED this 27 day of May, 1997

                                        _____
                                        COUNTY JUDGE

RESOLUTION NO. 126

**A RESOLUTION OF THE CITY COUNCIL OF MARION, ARKANSAS
DECLARING THE ADOPTION AND PASSAGE OF THE ANNEXATION
OF A 722.72 ACRE TRACT OF LAND ANNEXED TO THE CITY OF
MARION BY ORDER OF THE CRITTENDEN COUNTY COURT,
CASE NO. CO-97-52, ON MAY 27, 1997**

WHEREAS, on May 27, 1997, the Crittenden County Court, in Case No. CO-97-52, entered an order, pursuant to A.C.A. 14-40-603, annexing a certain tract of land consisting of 722.72 acres, more or less, to the city of Marion, a copy of such annexation order being attached hereto, labeled Attachment "A", and incorporated by reference herein as though set forth word for word;

WHEREAS, pursuant to A.C.A. 14-40-605, the City of Marion is required to accept the proposed annexation by Ordinance or Resolution;

WHEREAS, the City of Marion desires to accept the 722.72 acre tract of land and said land shall be declared a part of the City of Marion, Arkansas in compliance with the requirements set forth in A.C.A. 14-40-605 and 14-40-606;

NOW, THEREFORE, BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF MARION, ARKANSAS, THAT:

SECTION 1: Pursuant to A.C.A. 14-40-605 and 14-40-606, the City of Marion hereby accepts the annexation of the 722.72 acres set forth in the Order Granting Annexation entered by the Crittenden County Court, Case No. CO-97-52, on May 27, 1997.

SECTION 2: The territory being annexed to the City of Marion, Arkansas is that territory set forth in Attachment "A" hereto, which is incorporated by reference herein and made a part hereof as though set forth word for word.

SECTION 3: That in passing this Resolution, the annexation of the described 722.72

Exhibit "C"

acres be adopted and passed and that, pursuant to A.C.A. 14-40-605 and 14-40-606, the

described 722.72 acres is deemed and taken to be a part and parcel of the limits of the city of

Marion.

**SECTION 4:** This Resolution shall be in full force and effect from and after the date of its

passage and approval.

PASSED AND APPROVED this 27th day of _May_ 1997.

_____
MAYOR

ATTEST:

_____
CITY CLERK

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY
OF RESOLUTION # 126.

_____
Clerk/Treasurer

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CITY OF SUNSET

VS.                                        **PLAINTIFF**

                              NO. CIV-97-463

CITY OF MARION
PAUL COLEMAN, JR., By: J.P. Cockrill under his Power of Attorney
JULIA C. COCKRILL, By: J.P. Cockrill under his Power of Attorney      **DEFENDANTS**
HAZEL C. DICKEY, By: J.P. Cockrill under his Power of Attorney
ADOLPH PIRANI, MAXINE PIRANI
T. M. MONTGOMERY, ELSA A. LOGAN
ALL STATES FARM EQUIPMENT, INC. By: Merlin Northcutt
DEMAREE FARMS By: Billie J. Rhoads
RICHARD WILLIFORD
KEITH ALLENSWORTH
CHARLES ALLENSWORTH, and
FRANK WHEELER

## ORDER

On this ___2___ day of October, 1997, comes before the Court, the Defendants, City of
Marion, Paul Coleman, Jr., Julia C. Cockrill, Hazel C. Dickey, Adolph Pirani, Maxine Pirani, T.
M. Montgomery, Elsa A. Logan, All States Farm Equipment, Inc., Demaree Farms, Richard
Williford, Keith Allensworth, Charles Allensworth and Frank Wheeler, (hereinafter referred to as
Defendants), by and through their attorney James C. Hale, III, and from the Defendants Motion to
Dismiss Pursuant to Rule 12(b)(1), 12(b)(5) and 12(b)(6) of the Arkansas Rules of Civil
Procedure, the Plaintiffs Motion to Extend Time to Answer and other matters before the Court,
the Court doth find:

## FINDINGS OF FACT

1.     That on May 27, 1997, an Order was entered by Brian Williams, County Judge for
Crittenden County, Arkansas, annexing 722.72 acres of land into the City of Marion, Arkansas
pursuant to Arkansas Code Annotated §14-40-601 et seq in Case No. CO-97-52.

Exhibit "D"

2.    That on June 27, 1997, the Plaintiff, City of Sunset, filed an Appeal from the Decision of County Judge Allowing Annexation of Certain Properties and Complaint to Stop Said Annexation, challenging the May 27, 1997 annexation Order in the Circuit Court of Crittenden County, Arkansas in Case No. CIV-97-463.

3.    That as of October 2, 1997, the Plaintiff, City of Sunset, has not filed nor had summons issued in this cause of action.

4.    That as of October 1, 1997, the Plaintiff has not caused the Complaint to be served upon any representative or agent of the City of Marion nor any of the individual Defendant landowners or their agents in this cause of action.

5.    That the City of Sunset is not a resident of Marion, Crittenden County, Arkansas and owns no property within the city limits of Marion, Crittenden County, Arkansas.

6.    That the City of Sunset owns no land located in the 722.72 acres annexed into the City of Marion pursuant to the May 27, 1997 Annexation Order.

7     That the Plaintiff was served the Defendants motion to Dismiss and on August 7, 1997 filed a Motion for Additional Time to File Plaintiffs Response to the Motions to Dismiss filed by the Defendants.

8.    That as of October 2, 1997, no Order to Extend Time to Answer the Defendants Motion has been entered.

9.    That although being duly served, the City of Sunset, has failed to file a responsive pleading, answer the Defendants Motions to Dismiss or request a hearing on the Defendants Motions to Dismiss.

## CONCLUSIONS OF LAW

10.   That on May 27, 1997 pursuant to Arkansas Code Annotated §14-40-601 et. seq..

the County Judge for Crittenden County, Arkansas, Brian Williams entered an order annexing a 722.72 acre tract of land into the city of Marion, Arkansas in Case No. CO-97-52.

11.    That Arkansas Code Annotated §14-40-601 et seq. is the controlling annexation law in voluntary annexation proceedings.

12.    That Arkansas Code Annotated §14-40-604 and 14-40-605, sets forth the statutory procedure by which an interested party may challenge or prevent a voluntary annexation.

13.    That Arkansas Code Annotated §14-40-604(a)(b) and Arkansas Code Annotated §14-40-605(a) requires an interested party to give notice to the City or incorporated town authorities and agents of the petitioners within thirty (30) days of the Order of Annexation by the County Court or the annexation shall be confirmed.

14.    That a Complaint challenging a voluntary annexation pursuant to applicable statutes is not an appeal but an independent action and the required notice means service of process pursuant to Rule 4 of the Arkansas Rules of Civil Procedure.

16.    That the City of Sunset failed to serve any of the Defendant individual landowners or any representative or agent from the City of Marion within thirty (30) days after the May 27, 1997 annexation order was entered in Case No. CO-97-52

17.    That the Plaintiff failed to give notice to the City of Marion or any of the Defendant individual landowners as required by Arkansas Code Annotated §14-40-605(a).  The Plaintiffs Complaint is untimely and dismissed with prejudice

18.    That the City of Sunset is not an interested party and has no standing to challenge the May 27, 1997 Annexation Order.

IT IS THEREFORE ORDERED that the Plaintiffs June 27, 1997 Appeal from Decision by County Judge Allowing Annexation of Certain Properties and Complaint to Stop Said

Annexation challenging the May 27, 1997 Order of Annexation in Crittenden County Case No.

CO-97-52 is hereby dismissed with prejudice.

*David Burnett*

HONORABLE DAVID BURNETT

DATE *10/2/97*

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CITY OF MARION,                                                    **PLAINTIFFS**
RICHARD WILLIFORD
PAUL COLEMAN JR., by J.P. Cockrill under his Power of Attorney
JULIA C. COCKRILL, by J.P. Cockrill under his Power of Attorney
and HAZEL C. DICKEY, by J.P. Cockrill under his Power of Attorney

VS.                                    NO. CIV 97-419

CITY OF SUNSET, and                                               **DEFENDANTS**
DR. JOHN GRIFFEE ,
HOOVER WILLIAMS,
and SCOTT FERGUSON

### SUMMONS

PLAINTIFF'S ATTORNEY:        *James C. Hale, III, Marion City Attorney, 66 Mound City*
                             *Road, Marion, AR 72364*

THE STATE OF ARKANSAS TO:  *City of Sunset, Mayor James Wilburn, Sunset, AR*

### NOTICE

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated
    in the attached Complaint.

2.  The attached Complaint will be considered admitted by you and a judgment by default
    may be entered against you for the relief asked for in the Complaint unless you file a
    pleading and thereafter appear and present your defense. Your pleading or answer must
    meet the following requirements.

    A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil
          Procedure.

    B.    It must be filed in the Court Clerk's office within twenty (20) days from the day
          you were served with this Summons.

3.  If you desire to be represented by an attorney you should immediately contact your
    attorney so that an answer can be filed for you within the time allowed.

WITNESS my hand and seal of this Court this _____ day of _____ , 1999.

                                    CIRCUIT CLERK
                              By: _____ D.C.

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CITY OF MARION, RICHARD WILLIFORD
PAUL COLEMAN JR., by J.P. Cockrill under his
Power of Attorney; JULIA C. COCKRILL, by J.P. Cockrill
under his Power of Attorney; and HAZEL C. DICKEY,
by J.P. Cockrill under his Power of Attorney                                    PLAINTIFFS

VS.

CITY OF SUNSET, and DR. JOHN GRIFFEE,
HOOVER WILLIAMS, and SCOTT FERGUSON                                    DEFENDANTS

### NOTICE TO PARTIES AND STATE COURT OF REMOVAL

In accordance with 28 U.S.C. § 1441(a) and 1446(d), the Defendants,     in their

official capacities, hereby give notice that the above styled and numbered cause has been

removed to the United States District Court for the Eastern District of Arkansas, Eastern

Division.  A true and correct copy of the Notice of Removal filed with the Clerk of said

Court is attached hereto as Exhibit "A" and incorporated herein by reference.

DATED this 10th day of December, 1999.


Respectfully submitted,

WILSON & VALLEY, Attorneys at Law
423 Rightor Street
Helena, AR 72342
(870) 338-6487 (870) 338-8030 Fax

By: _____
          Andre' K. Valley          96225

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CITY OF MARION, RICHARD WILLIFORD
PAUL COLEMAN JR., by J.P. Cockrill under his Power of Attorney
JULIA C. COCKRILL, by J.P. Cockrill under his Power of Attorney
and HAZEL C. DICKEY, by J.P. Cockrill under his Power of Attorney   PLAINTIFFS

V.                                          NO. CIV. 97-419

CITY OF SUNSET, and
DR. JOHN GRIFFEE,
HOOVER WILLIAMS,
and SCOTT FERGUSON                                          DEFENDANTS

## MOTION TO DISMISS

Come the defendants, through their counsel, WILSON & VALLEY, Attorneys at

Law, and for their motion to dismiss, state:

1.     That Mandamus will not allow to compel negative acts of an Administrative

       officer.

2.     That the proper petition would be in the form of Writ of Prohibition.

3.     That Mandamus will not allow for enforcement of discretionary act.

4.     That Mandamus only allows for the enforcement of for clear and enforceable

       right and not for the purpose of establishing a right.

5.     That Mandamus will not allow for the enforcement of an unconstitutional

       statute or action.

6.     That no cause of action is stated pursuant to Rule 12 (b)(6) of the Arkansas

       Rules of Civil Procedure.

7.     That the pleadings of the plaintiffs are conclusionary and do not comport

       with the Rule 8 (a) of the Arkansas Rules of Civil Procedure